UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEMECIO JACINTO and MARTINA JACINTO,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC BANK, USA; et al.,<br><br>Defendants. | 3:11-cv-0775-LRH-WGC<br><br><u>ORDER</u> |

Before the court is defendants America's Servicing Company ("ASC"); Wells Fargo Bank ("Wells Fargo"); and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss the amended complaint. Doc. #48. Plaintiffs Demecio and Martina Jacinto ("the Jacintos") did not file an opposition.

In March, 2006, the Jacintos purchased real property through a mortgage note and deed of trust originated by defendant Soma Financial Corporation ("Soma"). Eventually, the Jacintos defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, the Jacintos filed a complaint against defendants. Doc. #1, Exhibit B. On January 27, 2012, the Jacintos filed an amended complaint alleging five causes of action: (1) defective foreclosure; (2) breach of contract; (3) rescission; (4) breach of the implied covenants of good faith and fair dealing; and (5) negligence. Doc. #43. Thereafter, defendants filed the present motion to dismiss (Doc. #48) which the Jacintos did not oppose.

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), the Jacintos' failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a case, a district court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissal. The need for the expeditious resolution of cases on the court's docket is strong. Defendants have an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to the Jacintos because they have shown an unwillingness to continue litigating their complaint which weighs in favor of granting the motion. Additionally, although public policy favors a resolution on the merits, the court finds that dismissal is warranted in light of these other considerations. Therefore, the court shall grant defendants' motion to dismiss and dismiss the Jacintos' amended complaint in its entirety.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #48) is GRANTED. Plaintiffs' amended complaint (Doc. #43) is DISMISSED in its entirety.

IT IS FURTHER ORDERED that defendants' motion to strike (Doc. #44) and motion for a hearing (Doc. #54) are DENIED as moot.

IT IS SO ORDERED.

DATED this 21st day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE